LOTTINGER, Judge.
This is a suit wherein the plaintiff seeks to recover from the defendant the amount of $169.70, being the balance due as the result of certain purchases of lumber as shown by an itemized statement of account attached to the petition.
The defendant answered, averring that in the year 1949 he and plaintiff entered into a contract whereby the latter secured from him some 5,000 feet of select dry virgin pine timber and' whereby he, the defendant, was to draw materials from plaintiff as needed, the market price thereof to be *322 set up in payment of the 5,000 feet of pine, which was worth $125 per thousand. The prayer was that the indebtedness of $169.70 be declared extinguished by compensation and, assuming the position of plaintiff in re-convention, the defendant prayed for judgment against the plaintiff in the amount of $455.30.
Following trial on the merits the Court below awarded judgment in favor of the plaintiff as prayed for and in favor of the defendant for the identical amount. Both parties have appealed.
The itemized statement of account is for purchases made between November 14, 1952 and March 21, 1955, totaling $269.70. The sum of $100 was paid by defendant on account on September 18, 1954, leaving due the balance sued for, i. e., $169.70. The correctness of this amount as being due the plaintiff is admitted by both defendant and his counsel; hence, the only question presented by the appeal is the defendant’s claim for compensation and the reconven-tional demand.
The record is made up almost entirely of the testimony of the principals and, needless to say, there is considerable conflict in their testimony. The plaintiff admitted that as the result of some arrangement with the defendant he had gotten some 2,461 feet of lumber from him. However, he testified that the defendant had drawn lumber from him and that, on September 25, 1950, owed a balance of $110.09, which he paid by check on that date. He testified further that on January 24, 1951, defendant bought $148.44 worth of lumber from him, which he paid for by check on October 30, 1952, and that this payment evened up their account as of that time. The amount sued for, he stated, is for purchases made by defendant since October 30, 1952, since which time the plaintiff had drawn no lumber from the defendant.
In support of his testimony the plaintiff offered certain records, deposit slips, account slips, etc. The defendant’s testimony, on the other hand, is most unsatisfactory. He admits that he kept no records whatsoever and offers no satisfactory explanation as to why he paid on account at various times where the plaintiff actually owed him the sum of $625.
It is well settled that a recon-ventional demand must be proved with reasonable certainty. See Pillsbury Mills, Inc., v. Chehardy, 231 La. 111, 90 So.2d 797. The record in this case, we believe, falls far short of proving the reconventional demand awarded by the trial judge and same should, therefore, be disallowed.
For the reasons assigned the judgment appealed from is reversed insofar as it awards to defendant, Jackson H. Babers, the sum of $169.70, but in all other respects is affirmed. Costs to be paid by defendant, Jackson H. Babers.
Judgment amended and as amended affirmed.